IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

## STATE OF TENNESSEE v. MACK JEFFERY THOMPSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-B-1113      Seth Norman, Judge**

_____

**No. M2015-01601-CCA-R3-CD – Filed May 18, 2017**

_____

The Appellant, Mack Jeffery Thompson, filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court denied the motion, and the Appellant timely filed a notice of appeal. Based upon our review of the record and the parties' briefs, we affirm the trial court's denial of the motion but remand the case for correction of a clerical error on the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Mack Jeffery Thompson, Pikeville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General, Glenn R. Funk, District Attorney General; and Renee R. Erb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record reflects that on May 20, 2005, the Appellant was indicted for premeditated first degree murder, felony murder, and theft. On March 6, 2006, the Appellant pled guilty to second degree murder, a Class A felony, in exchange for the dismissal of the felony murder and theft charges. The written plea agreement provided that the Appellant would receive a Range II sentence of forty years with one hundred percent of the sentence to be served in confinement. The judgment of conviction reflects

the terms of the plea agreement; however, a box on the judgment of conviction was marked to designate the Appellant as a repeat violent offender.

On April 30, 2015, the Appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He attached a copy of the written plea agreement and the judgment of conviction to his motion. In the motion, he alleged that "[t]he plea agreement does not reflect the same as the judgement [sic] sheet, [the Appellant] signed for range Two sentence." He further alleged that the State's notice of intent to sentence him to life without parole as a repeat violent offender pursuant to Tennessee Code Annotated section 40-35-120, was "erroneous" and "mis-applied" because he did not meet the requirements of the statute.[1] He also alleged that Tennessee Code Annotated section 40-35-202(a) required the State to notify a defendant that he was subject to more than the "standard" sentencing range in order to facilitate plea agreements, to enable a defendant to make an informed plea, and to assist in trial strategy and that he was not properly notified. The Appellant provided no argument in support of the foregoing contentions.

On July 24, 2015, the trial court entered an order summarily denying the motion. The trial court noted that it had reviewed the plea agreement and a transcript of the guilty plea hearing and found that the Appellant was sentenced in accordance with the terms of the plea agreement. The court further found that the Appellant's forty-year sentence was within the range for a Range II offender. The court found that the Appellant did not qualify as a repeat violent offender under Tennessee Code Annotated section 40-35-120(a)(1), which was cited by the State in the notice, but that he did qualify under subsections (a)(5)-(6). Further, the court stated that the Appellant was not prejudiced by the "defective notice." The court held that the Appellant's contention that "he was incorrectly classified as a 'repeat violent offender'" was without merit. The Appellant appeals the trial court's ruling.

## II. Analysis

Historically, "two distinct procedural avenues [were] available [in Tennessee] to collaterally attack a final judgment in a criminal case—habeas corpus and post-

---

[1] The notice filed by the State alleged that the Appellant had "'three strikes' pursuant to Tennessee Code Annotated § 40-35-120(a)(1)." The State listed the following convictions:

> 1. IF-5388, Armed Robbery, Class B felony, 1988, Davidson County, Tennessee;
> 2. 87-F-1939, Armed Robbery, Class B felony, 1988, Davidson County, Tennessee;
> 3. 87-F-1937, Robbery, Class C felony, 1988, Davidson County, Tennessee.

conviction petitions." Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). However, "Rule 36.1 was adopted, effective July 1, 2013, with its express purpose 'to provide a mechanism for the defendant or the State to seek to correct an illegal sentence.'" State v. Brown, 479 S.W.3d 200, 210-11 (Tenn. 2015) (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt.).

At the time the Appellant filed his Rule 36.1 motion, Tennessee Rule of Criminal Procedure 36.1, provided, in part:

> Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a) (2013). However, our supreme court later determined that Tennessee Rule of Criminal Procedure 36.1 did not authorize the correction of expired illegal sentences. See Brown, 479 S.W.3d at 205. Thereafter, Rule 36.1 was amended to delete "at any time" and to add that "a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a) (2016).

If the motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" State v. Wooden, 478 S.W.3d 585, 592 (Tenn. 2015). Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. We note that

> [e]xamples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Wooden, 478 S.W.3d at 595. Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. Id.

- 3 -

State v. Joseph B. Thompson, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. at Knoxville, May 10, 2016).

On appeal, the Appellant first contends that his sentence was illegal "because the plea agreement does not reflect the same as the [j]udgment in that the Appellant signed for a Range II sentence." The written plea agreement provides that the Appellant pled guilty to "Murder - 2nd[;] Class A Felony[;] Range II[;] 40 years @ 100%." At the guilty plea hearing, the State announced that the Appellant was pleading guilty to second degree murder and receiving a sentence of "40 years at a hundred percent to serve." Our code provides that a sentence for a Class A felony may be no less than fifteen years and no more than sixty years. Tenn. Code Ann. § 40-35-111(b)(1). Specifically, a Range II, multiple offender convicted of a Class A felony is subject to a sentence between twenty-five and forty years. Tenn. Code Ann. § 40-35-112(b)(1). The Appellant's sentence falls within this range. Kristi Kimbro v. Brenda Jones, Warden, No. W2013-02323-CCA-R3-HC, 2014 WL 1512857, at *2 (Tenn. Crim. App. at Jackson, Apr. 16, 2014). Additionally, a box on the judgment of conviction correctly designated the Appellant as a violent offender and required him to serve one hundred percent of his sentence in confinement. Tenn. Code Ann. § 40-35-501(i)(2)(B).

In a related argument, the Appellant notes that on the judgment of conviction, another box was marked designating that he was a repeat violent offender. The Appellant contends that the judgment was "void on its face because the Repeat Violent Offender status requires a defendant to serve a sentence of life without the possibility of parole." The Appellant argues that he should not have been sentenced as a repeat violent offender because he did not meet any of the statutory criteria. The State responds that the Appellant's "argument is misguided, because he was not sentenced as a repeat violent offender." The State asserts that the repeat violent offender designation on the judgment of conviction was a clerical error that may be corrected at any time. We agree with the State. The Appellant's written plea agreement makes no mention of the Appellant's being sentenced as a repeat violent offender. Moreover, the transcript of the guilty plea hearing reveals that although the State filed a "three strikes notice," the State agreed to allow the Appellant to plead guilty to a reduced charge of second degree murder with a sentence of forty years to be served at one hundred percent. Therefore, the repeat violent offender designation on the judgment was a clerical error. See Mario Ramirez Rodriguez v. Arvil Chapman, Warden, No. M2012-00958-CCA-R3-HC, 2013 WL 1912588, at *5 (Tenn. Crim. App. at Nashville, May 8, 2013). Accordingly, we conclude that the Appellant's sentence is not illegal but that we must remand this matter to the trial court for correction of the clerical error pursuant to Rule 36, Tennessee Rules of Criminal Procedure.

Finally, the Appellant asserts that the State's notice that it was seeking a sentence of life without the possibility of parole "was insufficient to give the Appellant proper

notice of the sentence to which he was exposed and which hindered his ability to evaluate the plea offer." However, the claim that "the lack of adequate notice prevented him from making an informed decision to plead guilty goes to the knowing and voluntary nature of the plea and would render the judgment merely voidable." State v. Charles Speed, No. W2015-00473-CCA-R3-CD, 2016 WL 1073232, at *2 (Tenn. Crim. App. at Jackson, Mar. 18, 2016), perm. to appeal denied, (Tenn., Aug. 19, 2016). Any deficiency in the notice does not render the Appellant's sentence illegal and, therefore, does not entitle the Appellant to relief. See State v. Christopher Hubbard, No. W2016-01263-CCA-R3-CD, 2017 WL 244116, at *2 (Tenn. Crim. App. at Jackson, Jan. 20, 2017), perm. to appeal denied, (Tenn., Apr. 13, 2017).

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's denial of the Appellant's Rule 36.1 motion but remand the case to the trial court for correction of the judgment to reflect that the Appellant was not sentenced as a repeat violent offender.

_____
NORMA MCGEE OGLE, JUDGE